608      Donlin *v.* Daegling *et al.*      [Sept. T.

Opinion of the Court.

## John H. Donlin

*v.*

## Louis Daegling *et al.*

1. Evidence—*parol, to supply defect in written contract from its general-ity.* It is competent for the parties to a written contract to supply any sup-posed defect in the contract, as to the quantity of the work to be done, by parol testimony.

2. Where a party contracted, in writing, to do the mason work in re-building a court house which had been burned, the walls still standing, ac-cording to plans and specifications to be furnished, the contract failing to show how much of the old wall was to be taken down and rebuilt, it was *held,* that parol evidence was admissible to show the extent of the work as contemplated by the parties at the time the contract was made, and that such testimony did not vary the written agreement.

3. Contract—*liability for extra work.* Where a contractor to rebuild a burnt court house employed a mason to do all the mason work necessary to make the walls as good as they were before the fire, according to plans and specifications to be furnished, and the specifications showed a certain line to which the brick walls should be taken down and rebuilt, and when such line was reached the contractor required the mason to take down more wall to reach solid masonry, which was done: *Held,* that the contractor was liable to the mason for the reasonable worth of such extra work, caused by taking down more of the walls.

Appeal from the Superior Court of Cook county.

Mr. T. A. Moran, for the appellant.

Messrs. Isham & Lincoln, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was *indebitatus assumpsit,* in the Superior Court of Cook county, by Daegling and Messersmith, partners, against John H. Donlin, on the common counts, tried by a jury on the general issue, and resulting in a verdict and judgment for the plaintiffs. To reverse this judgment, the defendant appeals.

It appears, from the record, that the court house in Kankakee county was destroyed by fire, in December, 1872, to such an extent as to leave only the exterior walls standing, and they in

a dilapidated and insecure condition.  Donlin was a master builder in Chicago, and was employed by the insurance company having a risk on this structure, to rebuild the same, doing the entire work.  The walls were of brick, and the plaintiffs were brick masons, also living in Chicago.  Early in January, 1873, Daegling, at the request of Donlin, went with him to Kankakee to inspect the ruins, and make a proposition for rebuilding the walls in the condition they were prior to the fire.  It was then not certainly known how much of the old walls would have to be taken down, but it was understood they were to be taken down and rebuilt from courses which were then indicated by Donlin.  On this representation Daegling made his estimates, and proposed to do the work for four thousand five hundred dollars.

On January 20, 1873, was produced a writing, of which this is a copy, which the parties signed:

" This agreement, made this 20th day of January, 1873, between J. H. Donlin and Daegling & Messersmith, witnesseth: That Daegling & Messersmith hereby agree with J. H. Donlin to do the mason work on the county court house, at Kankakee, Illinois, said mason work to be done according to plans and specifications to be furnished; said mason work to be done under the supervision and to the entire satisfaction of a superintendent to be appointed by the supervisors of Kankakee, Ill. The work is to be done on the building just as it was before it was burnt.  Daegling & Messersmith bind themselves to commence work on the building as soon as the weather becomes favorable, and complete the work without unnecessary delay. J. H. Donlin hereby agrees to pay Daegling & Messersmith the sum of $4500 for said job, to be paid in installments as the work progresses."

About the 18th of March following, plaintiffs went to work, and when they had taken down the walls to the lines agreed upon, as plaintiffs understood them, the county authorities threatened to enjoin them from proceeding, unless they would tear down more of the old walls.  On this dispute arising, the parties, with Boyington, the architect, proceeded to Kankakee,

39—80TH ILL.

and after examination the architect decided that more of the walls must be taken down. The plaintiffs then made their figures on this, which they deemed extra work, and proposed doing it for one thousand dollars, which Donlin thought too much. He wanted the plaintiffs to take that work by the day, which, on their refusal so to do, he told them to go on with the work, and he would pay them what it was worth.

The work was done and was claimed to be worth one thousand dollars.

Here is where the controversy arises. Was the taking down and rebuilding this so-called additional wall, outside of the original contract, and was it extra work? The jury, under instructions of the court, have found it was, and it is now insisted the instructions conducing to this verdict were wrong, and it was error to give them.

There are objections made to the introduction of some of plaintiffs' evidence, but the record fails to show any exception taken to its admissibility; but had there been, we do not think it could have been allowed. Notwithstanding the written contract of January 20, it was competent for the parties to supply any supposed defect in that as to the quantity of the work to be done. Such testimony would not vary the terms of the contract in any of its obligatory parts. The written contract nowhere stipulated what quantity of wall was to be taken down and rebuilt, nor were there then any plans and specifications furnished showing the quantity. The stipulation was to do the mason work on the county court house according to plans and specifications to be furnished, and under the supervision and to the entire satisfaction of a superintendent to be appointed by the supervisors of Kankakee. Here, nothing more than the kind of work is agreed upon, and its quality, and that to rest in the judgment of a superintendent to be appointed.

We do not understand any plans and specifications were ever furnished of this particular work, but had there been, it was competent to increase the quantity of work by a parol agreement.

There is no ground we can discover for complaint on the part of appellant. The plaintiffs did perform extra work for him of the value of one thousand dollars, which, added to the price of the original contract, forty-five hundred dollars, makes a total of fifty-five hundred dollars, to which is to be added the sum of four hundred eighty-four dollars and ten cents, an unpaid balance on a building in Chicago, admitted by appellant to be due. The sum total would amount to five thousand nine hundred eighty-four dollars and ten cents. From this deduct payments made by appellant, there would remain due appellees, without interest, three thousand two hundred and eighty-four dollars. The jury returned a verdict for three thousand three hundred seventy-one dollars and seventy cents, of which the plaintiffs remitted one hundred and twenty-nine dollars; for the balance, three thousand two hundred forty dollars and seventy cents, the court rendered judgment; in all which there is no error.

As to the instructions, no particular objection is made to any given on behalf of the plaintiffs, except the fourth. That instruction is in these words:

"If the jury believe, from the evidence, that definite lines were agreed upon by Donlin and Daegling for the old work to be torn down to, and that their contract was made in reference to such lines, such agreement would be binding, even if the plans and specifications offered in evidence are held to be a part of the contract, unless some other definite lines for the same portion are established by such specifications and plans."

It is contended this instruction authorized the jury to consider any previous parol contract entered into by these parties respecting this work, although the same might be different from the written contract and specifications. If this be the proper construction, it was error to give it, on the well known principle, that a written contract must prevail over a previous verbal contract on the same subject.

The question before the jury was, what, by the contract and specifications, was the extent of the work to be done by the

plaintiffs on the walls of the building, to make them just as they were before they were burnt. By the specifications a certain line was indicated, but when that line was reached by plaintiffs, the architect directed more wall should be taken down to reach solid masonry. Appellees claimed this was extra work, and demanded one thousand dollars for it. Appellant wished the plaintiffs to do that work by the day, which they declined to do. Appellant then directed them to do the work and he would pay them what it was worth. This was the real matter in controversy, and we can not see in what way the jury could have been misled by the instruction. Though there may have been error in giving the instruction, it is not such error as would reverse a judgment otherwise correct.

We are of opinion, taking all the evidence and instructions, as well those for the defendant as for the plaintiffs, the case was fairly put to the jury, and they could not have been misled by anything contained in the fourth instruction. The justice of the case is with appellees, and the judgment ought to be affirmed, and the same is affirmed.

*Judgment affirmed.*