## THE ST. CLAIR COUNTY BENEVOLENT SOCIETY

### v.

## SEBASTIAN FIETSAM, Adm'r.

1. VARIANCE—OBJECTION MUST BE SPECIFIC.—An objection that the instrument offered in evidence, varies from that set out in the declaration is too general, if the alleged variance is not specifically pointed out.

2. PAROL TESTIMONY TO VARY WRITING.—WHEN RULE DOES NOT APPLY. —The rule against the admissibility of parol testimony to affect that which is written has no application to cases where a part only of the contract was reduced to writing. Where a written agreement is incomplete, and *per se* unintelligible, verbal testimony is admissible where it is not inconsistent with the written contract.

ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding. Opinion filed April 2, 1880.

Mr. CHARLES W. THOMAS, for plaintiff in error; that the policy offered in evidence varied from that set out in the declaration, and should not have been admitted, cited Franklin Ins. Co. v. Smith, 82 Ill. 131.

Whether the contract was reasonable or unreasonable, is not the question; the inquiry is, what is the contract? Zaleski v. Clark, 44 Conn. 218.

Mr. WILLIAM C. KUEFFNER, for defendant in error; against the objection of variance, cited 1 Chitty's Pl. 320.

The particular variance should have been pointed out: C. & A. R. R. Co. v. Morgan, 69 Ill. 492; Thielman v. Carr, 75 Ill. 385; Buntain v. Bailey, 27 Ill. 410; Clauser v. Stone, 29 Ill. 115; McCartney v. Shepard, 21 Mo. 577; State v. Gates, 20 Mo. 403; Anderson v. Fry, 6 Ind. 77; Camden v. Doremus,

44 How. 530; N. O. J. & G. W. R. R. Co. v. Moye, 39 Miss. 375; Haywood v. Batts, 38 N. H. 183.

As to the admission of parol testimony: Donlin v. Daegling, 80 Ill. 608; Ball v. Benjamin, 73 Ill. 39; Moulding v. Prussing, 70 Ill. 151.

Upon the rule for construction of contracts as to intention of the parties: Walker v. Douglass, 70 Ill. 445; 1 Chitty on Contracts, 104; Boskowitz v. Baker, 74 Ill. 264; Aurora Ins. Co. v. Eddy, 49 Ill. 106; Commercial Ins. Co. v. Robinson, 64 Ill. 265; Massie v. Belford, 68 Ill. 290.

PER CURIAM. It is urged there is a variance between one of the policies of insurance admitted in evidence and that set out in the first count of the declaration. The bill of exceptions shows that when it was offered in evidence " the defendant objected to the reading of said instrument in evidence because there was a variance between it and the one declared on." This objection was altogether too general; the alleged variance should have been specifically pointed out. The court was under no obligation to stop the trial and critically compare the instrument with the several counts in order to ascertain whether there was any foundation for the objection. It is also urged the court erred in admitting certain oral evidence over the objections of plaintiff in error. The rule against the admissibility of parol testimony to affect that which is written has no application to cases where a part only of the contract was reduced to writing. Where a written agreement is incomplete, and *per se* unintelligible, verbal testimony is admissible where it is not inconsistent with the written terms. 1 Green. Ev. §§ 282, 284a; Sweet v. Lee, 3 Man. & Grang. 452; 42 Eng. Com. L. R. 240; 1 Chit. Contracts (11th Ed.), 159; Donlin v. Daegling, 80 Ill. 608. It was lately held by the Supreme Court of this State, in Ruff v. Jarrett, that where a bill of sale of a lot of ice does not show to whom the sale was made, the quantity sold, nor the price per ton, but simply that the ice was sold by the vendor, describing its location and stating that it was to be removed between its date and the first of April following; it will not constitute a contract between the parties without the

aid of extrinsic evidence, and parol evidence is admissible to show that the sale was made with a warranty. Weekly Jurist V. 6, page 832, and 12 Chicago Legal News, p. 38; see also authorities cited in opinion filed by us at this term, in Combs v. Bradshaw, administrator (*ante*, 115). In the case at bar, the declaration set out the two written instruments sued on in *hæc verba*, and in each count the allegation was made that it was agreed the money mentioned in the instrument was to become due and payable on the death of said Eierkuss, and issue was joined on these counts. We feel clear it was not error in the court to admit parol testimony to show the moneys mentioned in the instruments were to be paid in the event of the death of Eierkuss. Without such testimony the instrument would be void of sense and meaning. The judgment of the circuit court is affirmed.

Affirmed.

WALL, J., took no part in the decision of this case.